# CRIMINAL CASES.

## Wytheville.

### ARTRIP V. COMMONWEALTH.

#### June 19, 1918.

1 CRIMINAL LAW—*Sufficiency of Evidence to Convict—Proof Beyond Reasonable Doubt.*—In order to justify a conviction in a criminal case, every fact necessary to a conviction must be proved beyond a reasonable doubt. The result of the evidence must not only be consistent with the guilt of the accused, but must exclude every reasonable hypothesis of his innocence.

2. INTOXICATING LIQUORS—*Evidence Held Not Sufficient to Support a Conviction.*—In the case at bar, the only witness for the Commonwealth testified that in a conversation with the accused, he told accused that he was sick with rheumatism and asked if accused knew where the witness could get any liquor. Accused said he did not have any, and did not know where any could be obtained. Witness then asked accused, if he could find any, to get a quart for him and put it away. Accused said that he would do his best for witness, and that witness should look about accused's coal house for it. Two or three days afterwards, witness went to accused's store, got a bucket from accused and went down to a branch to get water. On returning from the branch witness found a bottle of whiskey between two logs fifteen or twenty feet from the coal house. Witness took the bottle and left $1.50 where he found it. Witness did not speak to accused about liquor that day, and accused did not know that he was coming that day. Accused placed two disinterested witnesses on the stand, who testified that they saw another than the accused hide the whiskey at the place where it was found. Accused denied that he knew anything about the whiskey or got the $1.50.

*Held:* That the testimony was plainly insufficient to sustain a verdict of guilty.

Error to a judgment of the Circuit Court of Russell county.

*Reversed.*

The opinion states the case.

*Finney & Wilson,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *J. D. Hank, Jr., Assistant Attorney-General,* for the Commonwealth.

BURKS, J., delivered the opinion of the court.

The plaintiff in error was convicted of violating the prohibition law (Acts, 1916, p. 215) on an indictment charging that he "did unlawfully manufacture, sell, offer, keep, store and expose for sale, give away, dispense, solicit, advertise, receive orders for and aid in procuring ardent spirits against the peace and dignity of the Commonwealth."

The only error assigned is that the verdict is not supported by the evidence.

The Commonwealth introduced only one witness, William Finney, who testified as follows: "Last winter, at Cleveland, Virginia, M. P. Artrip and myself were talking at or near a car loaded with coal on the yard at Cleveland; I told him that I was sick, that my rheumatism was hurting me very badly and asked him if he knew where I could get any liquor or find any whiskey. He said he did not have any, did not know where any was, and that it was mighty hard to get. We talked on and I told him if he could find any over there to get me a quart and put it away for me, and he said he would do his best and if he could find any for me to come over and to look about the coal house and I might find it. Soon afterwards, or in two or three days, I went over to Clinchfield, where Artrip had a store,

after a load of passengers. I run an automobile for hire. I went in the store and there were several people in his store, between eight and fifteen, and asked him for a bucket to get some water to put in my car. He showed me a bucket on the opposite side of the store from where he was, and I got the bucket and went down to the branch some forty feet from the front store door. As I went after the water I passed by Artrip's coal house and looked in the coal house for the whiskey that we had talked about and found none; went on to the branch, got my bucket of water, and as I returned coming up a bank from the branch there were two logs lying side by side fifteen or twenty feet from the coal house and they were above me and I could see up under them as I came up the bank. I discovered under these logs a quart bottle full of whiskey. I went around and pulled the bottle out from between the logs, put it in my pocket, left $1.50 in cash where I found the bottle, put the water in my car, took the bucket back and set it down on the store porch and got in my car and left. I did not speak to M. P. Artrip about liquor that day, he did not know I was coming that day, and the only conversation I had with him on that day was about the bucket to get the water. I never had any conversation with any one else about the liquor or about getting liquor at that place."

This testimony was wholly insufficient to sustain the charges of the indictment, and the accused might have safely rested here, but, in order to vindicate himself, he placed two disinterested witnesses on the stand, and also testified himself. One of these witnesses, William Breeding, testified as follows: "On the day William Finney was supposed to get the liquor in question, I came to Clinchfield and was at the post office, and I met Bert Luttrell there and we came on down Hurricane to the store of M. P. Artrip; Bert Luttrell had a quart of liquor in his under pants pocket and had on overalls. When we got near M. P. Artrip's store

we walked around behind the coal house, or an old house, for Bert Luttrell to hide this quart of liquor, as it showed plainly through his clothing. He hid it by an old building, or under some logs, and the coal house was between it and M. P. Artrip's store. Bert Luttrell was working that day in the shaft mines and I saw him hide this quart of liquor between said logs. Bert Luttrell is dead; died since." The other, Ross Bumgardner, testified to substantially the same facts.

The accused testified as follows: "I am the defendant in this case. I did not put the liquor between said logs below the coal house that Will Finney found; I did not know said liquor or whiskey was there, and I did not get the $1.50 that Will Finney stated he left at the place where he found the liquor. Will Finney came to my store that evening in his jitney car and came in and asked me for a bucket to get water to put in his car and I gave him the bucket; he took the bucket and went out and afterwards returned the bucket. Finney stayed at my store only a short while, and said he came to the store for some passengers, he being a carrier of passengers in an automobile. The only conversation I had with Finney while in the store was about the bucket, and I knew nothing at all about Finney's finding the whiskey or leaving the money."

No comment upon the testimony is necessary. It is plainly insufficient to sustain the verdict of the jury. In order to justify a conviction in a criminal case, every fact necessary to a conviction must be proved beyond a reasonable doubt. The result of the evidence must not only be consistent with the guilt of the accused but must exclude every reasonable hypothesis of his innocence. *Burton & Conquest* v. *Commonwealth,* 108 Va. 892, 62 S. E. 376.

The judgment of the Circuit Court of Russell county must, therefore, be reversed, the verdict set aside, and the cause remanded for a new trial.

*Reversed.*